Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| MAYRA SYLVETTE GRANA RAFFUCCI, RUBÉN RIVERA CARRIÓN, LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA<br><br>Peticionarios<br><br>v.<br><br>TRIPLE-S SALUD, INC.<br><br>Recurridos | KLCE202400380 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: PO2021CV01151<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la jueza Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de mayo de 2024.

Comparece la parte peticionaria, Mayra S. Grana Raffucci, Rubén Rivera Carrión, y la sociedad legal de gananciales compuesta por ellos, mediante el recurso de epígrafe, y nos solicitan la revocación de la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 23 de febrero de 2024. En el referido dictamen, el foro recurrido declaró No Ha Lugar la solicitud de enmienda a la demanda presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 19 de mayo de 2021, Mayra S. Grana Raffucci (Grana Raffucci), Rubén Rivera Carrión (Rivera Carrión), y la sociedad legal de gananciales compuesta por ellos (parte peticionaria), incoaron una *Demanda* sobre incumplimiento de contrato en contra de Triple S Salud, Inc. (parte recurrida o Triple S).[1] En la misma, reclamaron el reembolso de $138,328.19 que

---

[1] Véase, Entrada Núm. 1 del Caso Núm. PO2021CV01151 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Número Identificador

RES2024 _____

alegadamente pagaron en un tratamiento para el cáncer que Grana Rafucci recibió en el Tampa General Hospital, localizado en el estado de Florida.

Luego de varias instancias procesales, el 28 de julio de 2021, Triple S presentó una *Moción de Desestimación*.[2] En la misma, arguyó que los servicios médicos adquiridos fuera de Puerto Rico estaban sujetos a una precertificación de Triple S. Sin la misma, alegaron que Triple S no se hacía responsable por los gastos incurridos en los tratamientos recibidos en Estados Unidos. Por lo tanto, el reembolso reclamado era improcedente.

En respuesta, el 9 de agosto de 2021, Grana Raffucci, Rivera Carrión y la sociedad legal de gananciales compuesta por ellos, presentaron una *Réplica a Moción para Desestimar*.[3] En la misma, y en lo pertinente al caso de autos, adujeron que, en la *Moción de Desestimación* presentada por Triple S, se omitió establecer que Grana Raffucci no solicitó una precertificación para adquirir tratamiento médico fuera de Puerto Rico. De igual forma, anejaron a dicha réplica una declaración jurada de Grana Raffucci afirmando haber efectuado la gestión de la precertificación, y establecieron que la misma debía constar grabada en los sistemas telefónicos de la compañía de seguros. Por último, alegaron que la póliza en controversia contenía como excepción al requisito de precertificación, las emergencias médicas. Establecieron que este particular sería materia de prueba a ser evaluada por el tribunal posteriormente. Luego de evaluar la postura de ambas partes, el 13 de agosto de 2021, el Tribunal de Primera Instancia emitió una *Resolución* en la que declaró No Ha Lugar la *Moción de Desestimación* presentada por Triple S.*[4]*

El 20 de septiembre de 2021, Triple S presentó su correspondiente *Contestación a la Demanda*.[5] En la misma, negó que Grana Raffucci tuviese derecho a cubierta de plan médico para tratamiento de cáncer en Estados Unidos ya que tenía alternativas de tratamiento en Puerto Rico.

---

[2] Véase, Entrada Núm. 9 del Caso Núm. PO2021CV01151en el SUMAC.
[3] Véase, Entrada Núm. 11 del Caso Núm. PO2021CV01151en el SUMAC.
[4] Véase, Entrada Núm. 12 del Caso Núm. PO2021CV01151en el SUMAC.
[5] Véase, Entrada Núm.16 del Caso Núm. PO2021CV01151en el SUMAC.

De igual forma, arguyó que Grana Raffucci no solicitó precertificación previa para recibir el tratamiento en el Tampa General Hospital.

Una vez concluido el descubrimiento de prueba, el 24 de abril de 2023, las partes presentaron sendas mociones de sentencia sumaria.[6] En respuesta a las mismas, ambas partes presentaron las oposiciones y réplicas pertinentes.[7] Luego de hacer la debida evaluación de los escritos, el 17 de julio de 2023, el Tribunal de Primera Instancia dictó *Resolución* declarando No Ha Lugar ambas solicitudes de sentencia sumaria por entender que prevalecía una controversia sobre la cuantía reclamada por concepto de reembolso en el tratamiento médico.[8]

Luego de varias instancias procesales, el 23 de febrero de 2024, Grana Raffucci, Rivera Carrión, y la sociedad legal de gananciales compuesta por ellos, presentaron una *Moción Solicitando Permiso para Enmendar la Demanda* junto con la *Demanda Enmendada.[9]* En la misma, solicitaron la suma de $138,582.14 por el reembolso de los gastos médicos, y añadieron la suma de $500,000.00, por los sufrimientos y angustias ocasionados a consecuencia del incumplimiento de pago de Triple S, para un total de $638,582.14. Ese mismo día, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de enmienda.[10]

El 8 de marzo de 2024, Grana Raffucci, Rivera Carrión, y la sociedad legal de gananciales compuesta por ellos, presentaron una *Moción Solicitando Enmiendas o Determinaciones Iniciales o Adicionales, Regla 43 y de Reconsideración Regla 47*.[11] No obstante, la misma fue declarada No Ha Lugar por el foro primario ese mismo día.[12]

En desacuerdo, el 3 de abril de 2024, Grana Raffucci, Rivera Carrión, y la sociedad legal de gananciales compuesta por ellos, recurrieron

---

[6] Véase, Entrada Núm. 34 y 36 del Caso Núm. PO2021CV01151en el SUMAC.
[7] Véase, Entrada Núm. 39, 46, 48 y 49 del Caso Núm. PO2021CV01151en el SUMAC.
[8] Véase, Entrada Núm. 55 del Caso Núm. PO2021CV01151en el SUMAC.
[9] Véase, Entrada Núm. 59 y 60 del Caso Núm. PO2021CV01151en el SUMAC.
[10] Véase, Entrada Núm. 61 del Caso Núm. PO2021CV01151en el SUMAC.
[11] Véase, Entrada Núm. 67 del Caso Núm. PO2021CV01151en el SUMAC.
[12] Véase, Entrada Núm. 69 del Caso Núm. PO2021CV01151en el SUMAC.

ante nos mediante el recurso de epígrafe. Los peticionarios plantean el siguiente error:

> Erró el Tribunal de Primera Instancia al denegar la solicitud de enmendar la demanda para incluir la reclamación de daños por angustias relacionadas al incumplimiento de contrato reclamado en la demanda a pesar de que de la prueba presentada en las mociones dispositivas resueltas con anterioridad se habían presentado prueba sobre la existencia de dichos daños.

El 15 de abril de 2024, Triple S compareció ante nos mediante una *Oposición a Certiorari*. En la misma, arguyó que la parte peticionaria tuvo casi tres años para enmendar las alegaciones de la Demanda, y que optó por no hacerlo debido a sus propias omisiones y desidia.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co*., 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria planteó que el foro *a quo* incidió al denegar la solicitud de enmendar la demanda para incluir la reclamación de daños por angustias relacionadas al incumplimiento de contrato reclamado en la demanda, a pesar de que en las mociones dispositivas resueltas con anterioridad se había presentado prueba sobre la existencia de dichos daños.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la solicitud de enmienda a la demanda en una etapa avanzada de los procedimientos, promovida por la parte peticionaria, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que nos ocupan, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones